RIVERA, PLAINTIFF AND APPELLEE, v. MARTÍNEZ, DEFENDANT
AND APPELLANT.

## APPEAL from the District Court of Aguadilla in an Action for Damages for Libel.

No. 2086.—Decided March 5, 1920.

APPEAL—COSTS—ATTORNEY FEES.—The appellee not having presented his memorandum of costs within ten days after the judgment appealed from was entered and that judgment not having been modified as to the award of costs by the judgment of the Supreme Court, his right to recover the costs became extinguished, but not so as to his right to recover the attorney fees, because the judgment was modified so as to impose the attorney fees upon the defendant.

ID.—ID.—ID.—JUDGMENT.—Although in a case of damages for libel the law requires that the judgment shall fix the amount of the attorney fees, the fact that this was not done and the ordinary procedure was followed of allowing the appellee to present his memorandum and the adverse party to file his objections before the court ruled, is not an error prejudicial to the appellant.

The facts are stated in the opinion.

Mr. V. P. Martínez for the appellant.

Mr. L. Llorens for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On October 26, 1917, the District Court of Aguadilla entered judgment in this case, the dispositive part of which is as follows:

"The court sustains the complaint and dismisses the counter-complaint of the defendant, adjudging that the defendant, Víctor P. Martínez, pay the sum of one dollar as damages, one dollar as attorney fees and the costs of the suit."

From that judgment the plaintiff appealed and this court disposed of the appeal by its judgment of December 6, 1918, the dispositive part of which is as follows:

"The court sustains the appeal and consequently modifies the judgment appealed from to the effect that the defendant pay to the plaintiff the sum of three thousand dollars, the attorney fees and the costs of the suit."

The two judgments referred to are the first two documents of the transcript. The third is a memorandum of costs and

disbursements amounting to $1,275.25, signed and sworn to on July 5, 1919. Then follow the defendant's·objection signed and sworn to on July 8, the minutes of the trial, and the order of the court approving the memorandum. And, finally, the notice of the appeal taken by the defendant and the clerk's certificate.

At the hearing on the appeal only the appellant appeared and only he filed a brief. In the brief he maintains that as the plaintiff did not file his memorandum of costs within ten days after the judgment of October 26, 1917, was entered by the district court, his right to recover the costs was barred when on July 5, 1919, he decided to assert it, and. that as the judgment of the district court as well as that of this court adjudged that the defendant pay only the sum of one dollar as attorney fees, the plaintiff is entitled only to that sum and not to that of one thousand dollars which he claims. The appellant cites in connection with this last contention the decision of this court in *Saldamando* v. *Valdecilla,* 20 P. R. R. 89.

1. The memorandum approved by the district court amounts, as we have said, to the sum of $1,275.25. Of that sum $1,000 is for attorney fees and $275.25 for costs and disbursements.

As to the disbursements, the defendant was not expressly adjudged to pay them, neither by the judgment of the district court nor by that of this court; therefore, in accordance with the jurisprudence laid down in *Veve* v. *Municipality of Fajardo,* 18 P. R. R. 738, the defendant can not be required to pay the disbursements.

Regarding the costs, we agree with the appellant that as the plaintiff did not file his memorandum within ten days after the judgment of the district court was entered and that judgment was not modified as to the costs by that of this court, his right to recover them is barred. See section 339 of the Code of Civil Procedure, as amended by the Act of

March 12, 1908, Comp. of 1911, Sec. 5383, and the opinion of this court in *Buxó et al.* v. *Buxó et al.,* 18 P. R. R. 188.

2. The appellant is mistaken with regard to the attorney fees. The judgment of the district court expressly adjudged that the defendant pay the sum of $1 as attorney fees. On that point, as also in the amount of damages, the judgment of the district court was modified by that of this court, which adjudged that the defendant pay the "attorney fees," and the amount thereof not having been fixed, it should be such as in due course of law the court may consider reasonable.

In the *Saldamando Case, supra,* cited by the appellant himself, the plaintiff sued for $25,000 as damages for libel. The district court held that the libel had been proved, but that it caused no damages, and entered judgment against the defendant for the sum of $1 together with $250 for attorney fees and the costs and disbursements of the suit. The plaintiff moved for reconsideration of that judgment regarding the amount of the attorney fees, asking that it be fixed in the sum of $1,000, to which motion the defendant objected, and the court finally modified its judgment by fixing the attorney fees at $400 instead of $250. The defendant appealed to this court which after a careful study of the law applicable to the case affirmed the judgment appealed from. Therefore the appellant is not favored by the decision which he invokes.

The law orders that in a case of libel the amount of the attorney fees shall be fixed in the judgment itself, but it is not an error prejudicial to the appellant that this was not done and that instead the ordinary procedure was followed of permitting the party in whose favor the fees were allowed to present a memorandum to which the other party might object before the court decided the question, and, besides, this procedure was not objected to.

Now, $1,000 as fees for the work done by plaintiff's attorney in the district court seems to us an excessive amount,

considering all the circumstances of the case. In our judgment half of this sum is sufficient.

For all of the foregoing the order appealed from must be modified to the effect that the defendant shall pay to the plaintiff only the sum of $500 for attorney fees.

*Modified and affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.